IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE DWAIN COPELAND, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:20-CV-3288-L-BH** |
| | § | |
| INTERNAL REVENUE SERVICES, et al, | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge**[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is *Defendant Jasmine Bhatt's Motion to Set Aside Clerk's Entry of Default and Brief in Support*, filed June 18, 2021 (doc. 32). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

On October 30, 2020, Bruce Dwain Copeland (Plaintiff), filed this *pro se* action against multiple defendants, including the Internal Revenue Service, two of its employees in their individual capacities, the Canadian County District Court, the City of El Reno, Oklahoma, the El Reno city marshal in his individual capacity, the Office of the Texas Attorney General, one of its attorneys in her individual capacity, the Dallas County District Court, the City of Cedar Hill, Texas, Genesis Women's Shelter, its attorney, Mosaic Services (Mosaic), and Mosaic attorney Jasmine Bhatt (Bhatt) (collectively Defendants). (doc. 3 at 2-3.)[2]

The complaint generally alleges that "the events complained of occurred in Dallas County." (*Id.* at 2.) It asserts claims for violation of Plaintiff's civil rights under 42 U.S.C. § 1983, conspiracy

---

[1]By *Standard Order of Reference* filed February 22, 2021 (doc. 17), this case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to violate his civil rights, fraud, negligence, abuse of office, *Bivens* claims, unauthorized collections "under IRC § 7433(a)", failure to release lien, and for injunctive relief. (*Id.* at 4-6.)  He alleges no material facts in support of these claims.  He requests monetary damages and a judgment against the Internal Revenue Service "to remove all liens and collections." (*Id.* at 6.)

On February 11, 2021, Plaintiff filed proof of service indicating that summons and a copy of the complaint had been served on Bhatt on February 6, 2021. (doc. 15.)  After Bhatt failed to timely respond, Plaintiff moved for entry of default against her on March 11, 2021, and the Clerk entered default on March 23, 2021.  (docs. 25, 28.)  On June 18, 2021, Bhatt moved to set aside the entry of default. (doc. 32.)  Plaintiff did not respond.

## II.  MOTION TO SET ASIDE DEFAULT

Bhatt moves to set aside the Clerk's entry of default on grounds that she was never served with a copy of the complaint.  (doc. 32 at 7.)

Under Rule 55(c), courts may set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004).  The good cause standard is a liberal one.  *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).  In deciding whether a defendant has shown good cause, courts consider: (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense.  *Id.*; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry in place of willfulness); *see also Stevenson v. Verizon Wireless, LLC*, No. 3:08-CV-0168-G, 2009 WL 188188, at *2 & n.* (N.D. Tex. Jan. 27, 2009) (applying excusable neglect factor in accord with *CJC Holdings*).  These factors are

2

nonexclusive; another factor often considered by courts is whether the party acted promptly to correct the default. *Effjohn*, 346 F.3d at 563. "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness . . . ." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also UMG Recordings, Inc. v. Landers*, No. CIV.A. 07-1279, 2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008) (excusing defendant's delay in answering the complaint in the absence of evidence that *pro se* defendant acted intentionally); *In re Waggoner*, No. 05-21523-RLJ-7, 2007 WL 3171740, at *5 (Bankr. N.D. Tex. Oct. 24, 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

Here, Bhatt explains that her failure to respond to the complaint was not willful because she was never served with a copy of Plaintiff's complaint. (doc. 32 at 4.) She contends that the affidavit of service indicates that the summons and complaint were mailed to a Dallas address that is not the correct business address for her or Mosaic, her former employer. (*Id.* at 4-5.) Her sworn declaration states that she resides in Austin, that she does not have any association with the Dallas address, and that copies of the summons and complaint were not delivered to an agent authorized to accept service on her behalf. (doc. 32-1 at 2.) Bhatt argues that even though Plaintiff has not alleged any

3

facts to support any claims against her, "any action that [he] may later allege is directly related to [her] discharge of her duties as an attorney to and for her client," which would be barred under attorney immunity. (doc. 32 at 7.)

Under the circumstances, the failure to file a timely answer meets the "elastic" standard for excusable neglect. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392; *see, e.g., Coleman v. Bank of New York Mellon*, No. 3:12-CV-4783-M-BH, 2015 WL 5437661, at *3 (N.D. Tex. Aug. 14, 2015), *adopted by* 2015 WL 5439027 (N.D. Tex. Sept. 15, 2015) ("Without proper service, Defendant has no obligation to answer or otherwise defend. This falls within the 'elastic concept' of the excusable neglect standard."). There is also no indication that Plaintiff would suffer prejudice if the default were to be set aside, as Bhatt has made an appearance before the filing of a motion for default judgment. *See Verity Instruments, Inc. v. KLA-Tencor Corp.*, No. 3:06-CV-0005-D, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (requirement that plaintiffs litigate their claims caused no unfair prejudice). Finally, Bhatt has alleged a meritorious defense because attorney immunity would constitute a complete defense to Plaintiff's claims against her. *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (finding that an action that is "part of the discharge of [the attorney's] duties to [his] client" is immune from liability); *see also Reagan Nat'l Adver. of Austin, Inc. v. Hazen*, No. 03-05-699-CV, 2008 WL 2938823, at *2 (Tex. App.–Austin July 29, 2008, no pet.) ("Texas courts have long held that attorneys cannot be held civilly liable for damages to non-clients, under any theory of recovery, for actions taken in connection with representing a client"). Bhatt has shown good cause under Rule 55(c).

### III.  RECOMMENDATION

Bhatt's motion to set aside default should be **GRANTED**.

**SO RECOMMENDED** on this 2nd day of August, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE