IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE DWAIN COPELAND, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3288-L-BH |
| | § | |
| INTERNAL REVENUE SERVICES, et al, | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation are the *Motion to Dismiss of Defendants City of El Reno and Paul Broyles*, filed February 12, 2021 (doc. 12), *Defendant City of Cedar Hill's Motion to Dismiss Under Rule 12(b)(6) and Brief in Support*, filed February 16, 2021 (doc. 16), *AAG Breanna Griffin's Motion to Dismiss*, filed March 11, 2021 (doc. 19), and *Defendant Jasmine Bhatt's Motion to Dismiss and Brief in Support*, filed June 18, 2021 (docs. 32, 33). Based on the relevant filings and applicable law, the motions to dismiss by Griffin, Cedar Hill, Bhatt, and El Reno and Broyles should be **GRANTED**, and the claims against the remaining defendants should be *sua sponte* **DISMISSED** for lack of subject matter jurisdiction.

**I.  BACKGROUND**

On October 30, 2020, Bruce Dwain Copeland (Plaintiff), filed this *pro se* action against the Internal Revenue Service (IRS), IRS employees Joy South (South) and Stephen Schrader (Schrader) in their individual capacities, the Canadian County District Court (CCDC), the City of El Reno, Oklahoma (El Reno), El Reno city marshal Paul Broyles (Broyles) in his individual capacity, the

---

[1]By *Standard Order of Reference* filed February 22, 2021 (doc. 17), this case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

Office of the Texas Attorney General (OAG), OAG attorney Breanna Griffin (Griffin)[2] in her individual capacity, the Dallas County District Court (DCDC), the City of Cedar Hill, Texas (Cedar Hill), Genesis Women's Shelter (Genesis), Genesis attorney Rachel Elkin (Elkin), Mosaic Services (Mosaic), and Mosaic attorney Jasmine Bhatt (Bhatt) (collectively Defendants). (doc. 3 at 2-3.)[3]

The complaint generally alleges that "the events complained of occurred in Dallas County." (*Id.* at 2.)  It also alleges that El Reno is a municipality in Oklahoma and that Broyles is the city marshal in El Reno with his "principle address" in Oklahoma. (*Id.*)  Plaintiff asserts claims against IRS, South, Schrader, El Reno, Broyles, CCDC, OAG, Griffin, DCDC, and Cedar Hill for violation of his civil rights under 42 U.S.C. § 1983; against all Defendants for conspiracy to violate his civil rights, fraud, and negligence; against Griffin, South, Schrader, and Broyles for abuse of office; against IRS, South, and Schrader for violation of his rights under *Bivens*; against IRS, South, and Schrader for unauthorized collections "under IRC § 7433(a)"; against IRS for failure to release lien; and against IRS and OAG for injunctive relief. (*Id.* at 4-6.)  He alleges no material facts in support of these claims.  He requests monetary damages and a judgment against IRS "to remove all liens and collections." (*Id.* at 6.)

The Clerk of Court issued summonses for Broyles, CCDC, Cedar Hill, El Reno, DCDC, Elkin, Genesis, Griffin, Schrader, and South on October 30, 2020.  (doc. 5.)  On February 10 and 11, 2021, Plaintiff filed proofs of service indicating that copies of the summons and complaint had been served on Griffin, El Reno, South, CCDC, DCDC , and Bhatt. (docs. 10-15.)  On March 11,

---

[2]Plaintiff identifies Griffin's first name as "Brenda" in his complaint, but Griffin's motion to dismiss notes that her first name is actually "Breanna." (docs. 3 at 3; 19 at 1 fn.1.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2021, he moved for entry of default against CCDC, DCDC, and Bhatt, and the Clerk entered default on March 23, 2021.  (docs. 23, 25, 26, 28.)

On February 12, 2021, El Reno and Broyles moved to dismiss the claims against them under Rules 12(b)(1), (b)(2), and (b)(6). (docs. 12, 13.)  Plaintiff responded on March 11, 2021, and El Reno and Broyles replied on March 23, 2021 (docs. 27, 29).

On February 16, 2021, Cedar Hill moved to dismiss the claims against it under Rule 12(b)(6). (doc. 16.)  Plaintiff responded on March 11, 2021, and Cedar Hill replied on March 23, 2021 (docs. 22, 30).

On March 11, 2021, Griffin moved to dismiss the claims against her under Rules 12(b)(1), (b)(4), (b)(5), and (b)(6). (docs. 19, 20.)  Plaintiff did not respond to the motion.

On June 18, 2021, Bhatt moved to dismiss Plaintiff's claims against her under Rules 12(b)(2), (b)(4), and (b)(5). (doc. 33.)[4]  Plaintiff did not respond.

## II.  RULE 12(b)(1)

Griffin moves to dismiss Plaintiff's claims against her for lack of subject matter jurisdiction. (doc. 20 at 5.)

### A.    Legal Standard

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the

---

[4]On June 18, 2021, Bhatt also moved to set aside the entry of default against her on grounds that she was never served, and it has been recommended that her motion be granted. (*See* docs. 32, 38.)

burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v.*

*Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.*

Here, Griffin relies solely on Plaintiff's complaint in support of her motion. The motion

4

therefore presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412-13.

## B.  <u>Standing</u>

Griffin argues that Plaintiff lacks standing to assert any of the claims alleged in the complaint against her because his pleadings "do not clearly identify an injury in fact to [him]." (doc. 20 at 5.)[5]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Like other jurisdictional requirements, this requirement is "not subject to waiver," *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996), and the Supreme Court "insist[s] on strict compliance" with it, *Raines*, 521 U.S. at 819. "Even when standing is not raised by the parties, the Court must, where necessary, raise the issue *sua sponte*." *Reed v. Rawlings*, No. 3:18-CV-1032-B, 2018 WL 5113143, at *3 (N.D. Tex. Oct. 19, 2018) (citing *Collins v. Mnuchin*, 896 F.3d 640, 654 n.83 (5th Cir. 2018)); *see also Legacy Cmty. Health Servs., Inc.*, 881 F.3d at 366 n.2 (citing *K.P.*, 627 F.3d at 122). Courts are also to assess a plaintiff's "standing to bring each of its claims against each defendant." *Coastal Habitat Alliance v. Patterson*, 601 F. Supp. 2d 868, 877 (W.D. Tex. 2008) (citing *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001), *aff'd by* 385 F. App'x 358 (5th. Cir. 2010)).

---

[5]Although Griffin is the only defendant that moves to dismiss based on a lack of standing, it is a jurisdictional doctrine that may be raised *sua sponte* as to the other defendants. *See Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 n.2 (5th Cir. 2018) (citing *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010)) (recognizing that standing may be addressed *sua sponte*); *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006) (noting "the issue of standing is one of subject matter jurisdiction"). A district court has "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). If the court finds that it lacks subject matter jurisdiction, it has a duty to dismiss the case. *Id.*; *see* Fed. R. Civ. P. 12(h)(3).

To satisfy the prerequisites of Article III standing, "[the] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements[, and when] a case is at the pleading stage, the plaintiff must 'clearly... allege facts demonstrating' each element." *Id.* (citations omitted); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998) ("The triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."). While "'at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice' to establish standing," *Stallworth v. Bryant*, 936 F.3d 224, 230 (5th Cir. 2019) (quoting *Lujan*, 504 U.S. at 560), "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing," *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990). "[I]f the plaintiff does not carry his burden clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute, then dismissal for lack of standing is appropriate." *Hotze v. Burwell*, 784 F.3d 984, 993 (5th Cir. 2015) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Injury in fact is "the '[f]irst and foremost' of standing's three elements." *Spokeo*, 136 S. Ct. at 1547 (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S., at 560) (quotations omitted). A "particularized" injury

"affect[s] the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548.  A "concrete" injury actually exists, which means it is real and not abstract. *Id.* (citing Black's Law Dictionary 479 (9th ed. 2009)).

### 1.    *Griffin*, *Bhatt, Elkin, Genesis, Mosaic, IRS, Schrader, South, OAG, CCDC, and DCDC*

Plaintiff generally alleges that all named defendants, including Griffin, Bhatt, Elkin, Genesis, Mosaic, IRS, Schrader, South, OAG, CCDC, and DCDC, have violated his constitutional rights and caused him harm. (doc. 3 at 1-2.)  While a plaintiff need only provide "general factual allegations of injury" to withstand dismissal at the pleading stage, *Lujan*, 504 U.S. at 561, Plaintiff fails to provide any factual allegations to show that he has been injured in fact.  *See Sartin v. EKF Diagnostics, Inc.*, 2016 WL 3598297, at \*3 (E.D. La. July 5, 2016) ("Absent supporting factual allegations, [plaintiff's] bare assurance that an unspecified injury exists is insufficient to establish Article III standing."); *Beal v. Midlothian Indep. Sch. Dist. 070908 of Ellis Cty.*, 2002 WL 1033085, at \*3 (N.D. Tex. May 21, 2002) (finding that plaintiffs failed to allege standing because "[o]ther than one boilerplate, conclusory allegation . . . [they] do not set forth any specific factual allegations" that demonstrated an injury in fact).  He does not explain what conduct by Griffin, Bhatt, Elkin, Genesis, Mosaic, IRS, Schrader, South, OAG, CCDC, and DCDC caused his unspecified injuries, or how a favorable court decision would redress him. *See Wyble v. Gulf S. Pipeline Co., L.P.*, 308 F.Supp.2d 733, 742 (E.D. Tex. 2004) ("It necessarily follows that if a Plaintiff cannot establish that he has been injured ... he cannot seek redress for that violation.").  As made clear by the Fifth Circuit, "if the plaintiff does not carry his burden clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute, then dismissal for lack of standing is appropriate." *Stallworth*, 936 F.3d at 229-30 (quoting *Hotze*, 784 F.3d at 992); *see Pub. Citizen, Inc. v. Bomer*,

274 F.3d 212, 218 (5th Cir. 2001) (dismissing complaint when plaintiffs failed to plead specific facts indicating that they had suffered an injury in fact); *see also Beal*, 2002 WL 1033085, at *3 (N.D. Tex. May 21, 2002) (explaining that when plaintiffs "offer no factual allegations, specific or general, that demonstrate an injury in fact, the court may dismiss the claim").

In the absence of factual allegations demonstrating an injury in fact, causation, and redressability, Plaintiff cannot satisfy the requirements for Article III standing, and his claims against Griffin, Bhatt, Elkin, Genesis, Mosaic, IRS, Schrader, South, OAG, CCDC, and DCDC should be dismissed for lack of subject matter jurisdiction. *See Lujan*, 504 U.S. at 560-61; *Spokeo*, 136 S. Ct. at 1547; *Pennie v. Obama*, 255 F. Supp. 3d 648, 661 (N.D. Tex. 2017) (dismissing claims for lack of standing where plaintiff failed to establish the three elements for Article III standing).

### 2.    Cedar Hill

Plaintiff asserts § 1983, conspiracy to violate civil rights, fraud, and negligence claims against Cedar Hill, but his complaint alleges no factual allegations in support of these claims. (*See* doc. 3 at 4-6.)  In his response to Cedar Hill's motion to dismiss, Plaintiff alleges that Cedar Hill "commenced to arrest [him] on an assumed outstanding warrant" on August 3, 2020, and refused to provide him a copy of the warrant or state the reasons for his arrest. (doc. 22 at 1-2.)[6]  He alleges

---

[6]In his responses to Cedar Hill's and El Reno and Broyles's motions to dismiss, Plaintiff includes new factual allegations and exhibits. (*See* docs. 22, 27.)  Because these allegations and exhibits were provided for the first time in his responses, they are not part of the pleadings to be considered for purposes of the motions to dismiss. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473 at *4 n.3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552 at *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). He has not been granted leave to amend his complaint to add these allegations and exhibits, and he has not shown that Defendants consented to an amendment. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) (holding that "[t]he district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). "This is particularly true

8

that after he was transferred to Dallas County jail, he was released on bond on August 5, 2020. (*Id.* at 2.)  He alleges that when he appeared in court on October 8, 2020, DCDC advised him that there was "no hearing, no documents, and no case on the docket." (*Id.*)  Plaintiff claims that Cedar Hill "falsely arrested and detained [him] without just cause." (*Id.*)  He believes that Cedar Hill "knowingly and was actively involved in the false arrest, false imprisonment[,] and the [a]buse [of his d]ue process rights." (*Id.* at 3.)

Plaintiff's allegations satisfy all three elements for Article III standing.  He has alleged (1) an injury in fact—his false arrest and detention without just cause, (2) caused by Cedar Hill, (3) which can be redressed by awarding damages. *See Lujan*, 504, U.S. at 569.  Taking all of his allegations as true, Plaintiff has standing to maintain this action against Cedar Hill.

### 3.    *El Reno*

Plaintiff asserts similar constitutional and state law claims against El Reno.  (*See* doc. 3 at 4-6.)  He alleges that in November 2018, a notice was posted on his Oklahoma property, stating that El Reno had initiated demolition proceedings because the property was unsafe and uninhabitable under the local property code, and that he had 20 calendar days to file an appeal. (doc. 27 at 1-2.) He claims that a hearing was held in January 2019, and El Reno decided to give him a year to get the property "up to code." (*Id.* at 2.)  He alleges that in February 2019, he "was refused a permit to start the repairs," and El Reno demolished the property "in direct violation of the alleged code requirements they claimed was violated." (*Id.*)  He alleges that he filed an "Oklahoma tort claim" for wrongful demolition and destruction of his property on July 11, 2019, but El Reno refuses to

---

where ... the litigant is *pro se* and has not yet made any amendments to [his] complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010).  Accordingly, Plaintiff's allegations and exhibits in his responses to Cedar Hill's and El Reno and Broyles's motions to dismiss are collectively construed as a motion to amend, the motion is granted, and the new allegations and exhibits are considered.

respond to the claim. (*Id.* at 2-3.)  He also alleges that El Reno "placed an eight-thousand-dollar lien on the property and the property is now subject to be sold at auction in June 2021." (*Id.* at 3.)  He claims his due process rights were violated by El Reno. (*Id.*)

Plaintiff's allegations against El Reno are sufficient to meet the standing requirements of Article III at this stage in the litigation.  He has alleged (1) an injury in fact—the destruction of his property, (2) caused by El Reno, (3) which can be redressed in the form of monetary damages.  *See Lujan*, 504, U.S. at 569.  Because Plaintiff has alleged an injury in fact, causation, and redressability, he has standing to pursue his claims against El Reno.

### 4.    *Broyles*

Plaintiff's claims against Broyles are also based on the alleged destruction of his property in Oklahoma. (doc. 27 at 1-2.)  He makes only general allegations that Broyles advised him that "'he' intended to demolish the property regardless of the code." (*Id.* at 2.)  This allegation is insufficient to reasonably trace the words or actions of Broyles to the alleged demolition and destruction of his property.  As explained, to have Article III standing, a plaintiff must allege a "causal connection between the [alleged] injury and the conduct complained of—the injury has to be fairly ... traceable to the challenged action of the defendant." *Lujan*, 504 U.S. at 560.

Because Plaintiff fails to allege facts of an injury fairly traceable to Broyles, he does not satisfy the second requirement for Article III standing to pursue any claims against him, and his claims against Broyles should be *sua sponte* dismissed for lack of subject matter jurisdiction.

### III.  RULE 12(b)(2)

Bhatt and El Reno and Broyles argue that the claims against them should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. (*See* docs. 13 at 3-4; 33 at 7.)

10

Rule 12(b)(2) allows for dismissal of an action when a court lacks personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2). "The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process." *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983). The first component means that "a defendant is within the substantive reach of a forum's jurisdiction under applicable law," while the latter "is simply the physical means by which that jurisdiction is asserted." *Id.* "Both service and amenability must be present to authorize a district court to adjudicate the rights of the parties." *Terry v. Raymond Int'l, Inc.*, 658 F.2d 398, 401 (5th Cir. 1981), *overruled on other grounds by Point Landing, Inc. v. Omni Cap. Int'l, Ltd.*, 795 F.2d 415 (5th Cir. 1986).

## A.    Defendant Bhatt

Bhatt moves for dismissal under Rule 12(b)(2) on the grounds that personal jurisdiction over her is lacking because Plaintiff failed to effectuate service in compliance with the rules of civil procedure. (doc. 33 at 7.)

A federal court is without personal jurisdiction over a defendant unless that defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983). The plaintiff has the burden to ensure that the defendants are properly served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1); *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). "[A] plaintiff's *pro se* status does not excuse any failure to properly effect service of process." *Webb v. Dallas Area Rapid Transit*, No. 3:17-CV-878-M-BN, 2017 WL 4082445, at *2 (N.D. Tex. Aug. 22, 2017), *adopted by* 2017 WL 4023100 (N.D. Tex. Sept. 13, 2017) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*,

903 F.2d 1011, 1013 (5th Cir. 1990)).

> Rule 4(e) governs service on individuals and provides that an individual may be served by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) Doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Under Texas law, any person authorized by Texas Rule of Civil Procedure 103[7] may serve process by "(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a).  The return receipt must be signed by the addressee for service to be effective.  Tex. R. Civ. P. 107(c); *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (per curiam); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied).  Proof of service must be made to the court by the server's affidavit, unless service is made "by a United States marshal or deputy marshal."  Fed. R. Civ. P. 4(l)(1); *Webb*, 2017 WL 4082445, at *2.

Here, the proof of service indicates that on February 6, 2021, the private process server

---

[7]In Texas, process "may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103.

mailed the summons and complaint by certified mail to Bhatt at "4144 N. Central Expy, Suite 530, Dallas, TX 75204." (doc. 15 at 2.)  A return receipt is attached but it does not identify the recipient's name; instead, "C19" is written on the signature line. (*Id.* at 3.)  As noted, a complaint must be actually delivered to the named person, and the return receipt must be signed by the addressee for service to be effective.  *See* Tex. R. Civ. P. 107(c); *Ayika*, 378 F. App'x at 434; *see, e.g., United States v. Irigoyen*, No. C-06-288, 2006 WL 3513807, at *1 (S.D. Tex. Dec. 5, 2006) ("The Federal Rules of Civil Procedure require that the summons and complaint be delivered to the defendant personally. Because the process server handed the documents to someone other than the defendant, personal service was not accomplished.") (internal citation omitted).  Plaintiff has therefore failed to meet his burden to ensure that Bhatt was properly served with summons and a copy of the complaint under either the federal or state rules of procedure.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). When the 90–day deadline has not expired, the court may dismiss the action without prejudice for insufficient service of process so the plaintiff may effect proper service. *See Grant–Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002) (under prior version of Rule 4(m)). Alternatively, the court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service. *Chapman v. Trans Union LLC*, No. CIV.A. H-11-553, 2011 WL 2078641, at *1 (S.D. Tex. May 26, 2011); *Shabazz v. Serv. Emps. Int'l Union*, No. 3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citation omitted). "[W]hen the time to effect service has expired," however, "the party attempting service has the burden of demonstrating

'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted); *Craddock v. Halverson*, No. 7:04-CV-020-R, 2004 WL 2381715, at *1 (N.D. Tex. Oct. 22, 2004); *see also* Fed. R. Civ. P. 4(m).

Here, the 90–day deadline for serving process has expired. Consequently, Plaintiff must demonstrate "good cause" for his failure to properly serve process on Bhatt. *See Kreimerman*, 22 F.3d at 645. He has not attempted to demonstrate good cause for his failure; nor has he requested additional time to properly serve her. Dismissal without prejudice is therefore proper. *See Craddock*, 2004 WL 2381715, at *4; *see, e.g., Maxwell v. Nat'l Gypsum Co.*, No. 3:03-CV-66, 2003 WL 21026756, at *1 (W.D.N.C. Apr. 2, 2003) (granting defendant's motion to dismiss under Rules 12(b)(2) and 12(b)(5) for lack of personal jurisdiction because process was not properly served); *see also United States v. Cabelka*, No. 7:16-CV-00126-O-BP, 2017 WL 6883893, at *2 (N.D. Tex. Dec. 21, 2017), *adopted by* 2018 WL 341739 (N.D. Tex. Jan. 9, 2018) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4."). Accordingly, Bhatt's motion to dismiss under Rule 12(b)(2) should be granted.[8]

**B.    Defendants El Reno and Broyles**

El Reno and Broyles argue that the claims against them should be dismissed because the complaint fails to establish in personam jurisdiction over them. (doc. 13 at 3-4.)[9]

---

[8]Bhatt also moves to dismiss the claims against her under Rules 12(b)(4) and 12(b)(5). (*See* doc. 33.) Because personal jurisdiction over Bhatt is lacking, it is unnecessary to reach these additional grounds.

[9]Even though they initially move to dismiss the claims against them on the merits, it is necessary to consider the jurisdictional attack first. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 423 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause (subject-matter jurisdiction) and the parties (personal jurisdiction).").

The exercise of personal jurisdiction over a non-resident defendant is proper when: (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985); *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (per curiam). A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent as a state court in the same forum. *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984); *see also* Fed. R. Civ. P. 4(e)(1), 4(h)(1). Because the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment, only the federal due process inquiry need be addressed. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); Tex. Civ. Prac. & Rem. Code § 17.041 *et seq.* "Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp.*, 253 F.3d at 867.

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There are two types of minimum contacts: those giving rise to general jurisdiction and those

15

giving rise to specific jurisdiction.  *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 3091 (2011).  General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Alpine View Co. Ltd. v. Atlas Copso AB*, 205 F.3d 208, 215 (5th Cir. 2000).  Specific jurisdiction is appropriate where the nonresident has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that arise out of or relate to those activities."  *Alpine View Co. Ltd.*, 205 F.3d at 215 (quoting *Burger King Corp.*, 471 U.S. at 472) (quotations omitted).  It is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction.  *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).  The plaintiff has the burden of establishing minimum contacts.  *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989).

Where, as here, no evidentiary hearing is conducted, the plaintiff need only make a prima facie showing in support of jurisdiction.  *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003).  The plaintiff's uncontroverted factual allegations in the complaint must be accepted as true, and all factual disputes must be resolved in his favor.  *Alpine View Co., Ltd.*, 205 F.3d at 215; *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).  Courts are not required "to credit conclusory allegations, even if uncontroverted," however.  *Panda Brandywine Corp.*, 253 F.3d at 869.

### 1.    *General Jurisdiction*

As noted, a court may assert general jurisdiction over a nonresident defendant when its contacts are substantial, continuous, and systematic.  *Central Freight Lines Inc.*, 322 F.3d at 381 (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414).  As reaffirmed by the Supreme

Court, these contacts must be "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011); *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). The Fifth Circuit has "consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues." *Johnston v. Multidata Systems Int'l. Corp.,* 523 F.3d 602, 610-11 (5th Cir. 2008). In determining whether general jurisdiction exists, courts do not examine each of a nonresident's contacts with the forum state in isolation from one another, but examine them "*in toto* to determine whether they constitute the kind of continuous and systematic contacts required to satisfy due process." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986). "Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required .... [V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) (quoting *Johnston*, 523 F.3d at 609-10).

Here, Plaintiff alleges that El Reno is a municipality located in Oklahoma, Broyles is its city marshal in El Reno, and his "principle address" is in Oklahoma. (doc. 3 at 2.) The complaint contains no allegations regarding any contacts by El Reno or Broyles with Texas. While it alleges that the majority of the defendants are "based" in Texas, Plaintiff may not rely on the other defendants' contacts with the forum state for purposes of determining whether personal jurisdiction over El Reno and Broyles exist; aggregation of contacts is improper. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (holding that it is improper to aggregate the forum contacts of defendant parties in deciding whether to exercise personal jurisdiction).

17

Because the complaint does not allege facts showing that El Reno and Broyles had contacts with Texas that were so "continuous and systematic" as to deem them "at home" in the forum state, Plaintiff has not made a prima facie showing of general jurisdiction as to El Reno and Broyles. *See Goodyear Dunlop Tires*, 131 S.Ct. at 2851.

### 2.    *Specific Jurisdiction*

Specific jurisdiction over a non-resident defendant exists when a plaintiff's claims against the defendant arise out of or relate to activities that the defendant purposefully directed at the forum state. *Burger King Corp.*, 471 U.S. at 472. The specific jurisdiction analysis "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). Specific jurisdiction is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin*, 587 F.3d at 759 (5th Cir. 2009).

Plaintiff asserts claims against El Reno and Broyles for violations of civil rights under 42 U.S.C. § 1983, conspiracy to violate civil rights, fraud, and negligence, as well as an abuse of office claim against Broyles. (doc. 3 at 3-6.) As noted, the complaint fails to allege any facts in support of those claims. Even though it generally alleges that "the events complained of occurred in Dallas County," (doc. 3 at 2), Plaintiff does not provide any specific facts showing that El Reno and Broyles purposefully directed or aimed their allegedly unconstitutional conduct or tortious activities at Texas. *See Panda Brandywine Corp.*, 253 F.3d at 869 (explaining that courts are not required "to credit conclusory allegations, even if uncontroverted"). In fact, Plaintiff's response to the motion to dismiss includes factual allegations concerning the location of his property in Oklahoma, where the conduct underlying his claims occurred. (doc. 27 at 1-3.) Even considering these new factual

18

allegations as an amendment to the complaint, Plaintiff has failed to make a prima facie showing of specific jurisdiction against El Reno and Broyles.[10] *See Burger King Corp.*, 471 U.S. at 472; *Alpine View Co. Ltd.*, 205 F.3d at 215.

Because Plaintiff has failed to meet his burden, the motion to dismiss the claims against El Reno and Broyles for lack of personal jurisdiction should be granted.[11]

### IV. RULE 12(b)(6)

Cedar Hill moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (doc. 16.)

### A.      Legal Standard

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them

---

[10]Because El Reno and Broyles do not have the requisite minimum contacts with Texas, it is unnecessary to consider whether exercising jurisdiction would comport with traditional notions of fair play and substantial justice. *See Southern Copper, Inc. v. Specialloy, Inc.*, No. 00-50408, 2000 WL 1910176, at *4 (5th Cir. Dec. 22, 2000) (per curiam); *Felch v. Transportes Lar–Mex SA DE CV*, 92 F.3d 320, 329 n. 20 (5th Cir. 1996).

[11]Because El Reno and Broyles's motion should be granted for lack of personal jurisdiction, it is unnecessary to reach their alternative grounds for dismissal under Rules 12(b)(5) and 12(b)(6). (*See* doc. 13 at 2-4.)

in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

 "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord*

20

*Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008). If "matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents attached to a motion to dismiss or to a response to a motion to dismiss "are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *see Walch*, 533 F.3d at 293–94 (finding that reliance on documents attached to a response to a motion to dismiss was appropriate where the documents were "sufficiently referenced in the complaint"). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff attached documents to his response, including a copy of a notice of court setting from his criminal case and his petition for writ of certiorari to the United States Supreme. (doc. 22 at 7-75.) Because the response is being construed as an amended complaint, the documents are considered part of the pleadings. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205;

*Collins*, 224 F.3d at 498. Accordingly, it is unnecessary to convert the motion to dismiss into a summary judgment motion.

**B.    <u>Section 1983</u>**

Cedar Hill argues that Plaintiff fails to plead a plausible claim of relief against it for municipal liability under 42 U.S.C. § 1983. (doc. 16 at 3.)

Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691-95.

As discussed, the complaint does not allege any facts in support of his claims against Cedar Hill.  In his response to Cedar Hill's motion to dismiss, Plaintiff generally alleges that Cedar Hill

22

"falsely arrested and detained [him] without just cause," and that it "knowingly and was actively involved in the false arrest, false imprisonment[,] and the [a]buse [of his d]ue process rights." (doc. 22 at 2-3.)

Plaintiff does not allege that a specific policy was officially adopted and promulgated by Cedar Hill's lawmaking officers or by an official who had been delegated law-making authority. (*See* docs. 3, 22.) Nor has he pleaded facts showing that any policy or persistent and widespread practice caused a violation of his constitutional rights. *See Monell*, 436 U.S. at 691-95. He makes only vague and conclusory allegations that Cedar Hill was knowingly and actively involved in his false arrest, his false imprisonment, and the abuse of his due process rights. (doc. 22 at 3.) Plaintiff in effect relies on a single incident and vague generalities to allege an official policy or custom under § 1983. A single incident is insufficient to infer an official policy or custom, however. *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009) ("One incident of applying inapplicable statutes to the [plaintiffs] is, however, insufficient to demonstrate a custom. Again, [the plaintiffs] must show a 'persistent and widespread practice.'"); *Pineda*, 291 F.3d at 329; *Piotrowski*, 237 F.3d at 581; *see also Hester v. Dallas Cty. Jail*, No. 3:11-CV-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012) ("His single alleged incident is insufficient to infer that Dallas County has an official customary policy or custom of failing to protect inmates at the county jail."), *adopted by* 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012). Plaintiff has therefore not sufficiently alleged an official policy or custom, a necessary element to municipal liability.[12] Accordingly, his § 1983 claims against Cedar Hill should be

---

[12]Because Plaintiff has failed to sufficiently identify an official policy or custom to support his claim for municipal liability, it is unnecessary to reach the second and third elements. *See Pierce v. Kaufman Cty. Dist. Attorney's Office*, No. 3:16-CV-2554-G-BH, 2018 WL 5624195, at *6-7 (N.D. Tex. Sept. 27, 2018), *adopted by* 2018 WL 5620548 (N.D. Tex. Oct. 29, 2018); *Williams v. City of Irving, Texas*, No. 3:15-CV-1701-L-BH, 2017 WL 3822115, at *6 (N.D.

dismissed for failure to state a claim.

**C.**    **Section 1985**

Cedar Hill construes Plaintiff's claim for "conspiracy to violate civil rights" as arising under 42 U.S.C. § 1985, and argues that it should be dismissed because he "fails to plead any facts in support." (doc. 16 at 4-5.)

Section 1985 "creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights under that section." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). Subsection 3 prohibits a conspiracy to deprive any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the law. 42 U.S.C. § 1985(3).[13] "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (per curiam) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). Additionally, the conspiracy must have a class or race-based animus. *See id.*; *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001).

Here, Plaintiff merely alleges that the defendants, including Cedar Hill, "conspired to violate [his] civil rights." (doc. 3 at 4.) Mere conclusory allegations are insufficient to state a § 1985 claim; plaintiffs "must plead the operative facts upon which their claim is based." *Holdiness v. Stroud*, 808

---

Tex. July 14, 2017), *adopted sub nom. by* 2017 WL 3726980 (N.D. Tex. Aug. 30, 2017).

[13]Although the complaint does not reference § 1985(3), his conspiracy allegations relate to the deprivation of rights or privileges and not preventing an officer from performing his or her duties or intimidation of a party, witness, or juror. *See* 42 U.S.C. § 1985. His "conspiracy to violate civil rights" claim is therefore construed as arising under § 1985(3).

F.2d 417, 424 (5th Cir.1987) (citations omitted).  Plaintiff has alleged none of the elements of a conspiracy under § 1985, and in particular, he has alleged no facts demonstrating the existence of any alleged conspiracy whose purpose was to deprive him of equal protection of the laws based on racial animus or any other protected characteristic. *See Lockett*, 607 F.3d at 1002. As noted, regardless of whether a plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal, *Guidry*, 954 F.2d at 281, and a plaintiff must provide "more than labels and conclusions," *Twombly*, 550 U.S. at 555. Accordingly, he fails to state a claim upon which relief can be granted.

**D.**    **State Law Claims**

Cedar Hill moves to dismiss Plaintiff's state law claims for fraud and negligence. (doc. 16 at 5-7.)

**1.**    ***Supplemental Jurisdiction***

Under § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996).

When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore*

*Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). This rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, the factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims. Any alleged state law claims arise from the same "common nucleus of operative facts" as his federal claims. Requiring Plaintiff to litigate his claims in state court would "necessarily require consideration by two distinct courts of the same operative fact[s]" and the "same legal issues." *See McKee*, 2007 WL 2381246, at *4. Given Plaintiff's failure to state a claim for relief against the defendants in federal court, or otherwise show that a genuine controversy exists between the parties, allowing him to file suit in state court would impose unnecessary expenses on the court system and the parties involved. *See McCall v. Peters*, No. CIV.A. 3:00-CV-2247-D, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), *aff'd by* 108 F. App'x 862 (5th Cir. 2004) (noting that in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources spent adjudicating the case). Because all three factors weigh in favor of retaining jurisdiction over any state law claims for fraud and neglience, the Court should exercise supplemental jurisdiction and review them on the merits.

### 2.    *Texas Tort Claims Act*

Cedar Hill moves to dismiss Plaintiff's claims for fraud and negligence under the Texas Tort Claims Act (TTCA). (doc. 16 at 5-7.)

The TTCA "provides a limited waiver of sovereign and governmental immunity for certain tort claims, 'allowing suits to be brought against governmental units only in certain, narrowly defined circumstances.'" *Dorward v. Ramirez*, No. 3:09-CV-0018-D, 2009 WL 2777880, at *13 (N.D. Tex. Aug. 28, 2009) (quoting *Tex. Dep't of Crim. J. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)). A city is a "governmental unit" under the TTCA. Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B). The TTCA's "waiver of immunity constitutes the 'only ... avenue for common-law recovery against the government' on a tort theory." *Id.* (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)).

#### a. *Fraud*

The TTCA's limited waiver of sovereign and governmental immunity for certain tort claims expressly does not apply to claims "arising out of assault, battery, false imprisonment, or *any other intentional tort*." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (emphasis added); *see also Dorward*, 2009 WL 2777880, at *13 (citing *Tex. Dep't of Crim. J.*, 51 S.W.3d at 587); *Swiat v. City of Fort Worth*, No. 4:10-CV-354-A, 2011 WL 2559637, at *5 (N.D. Tex. June 28, 2011) (considering the scope of § 101.057(2)). Under Texas law, fraud is an intentional tort. *See LTTS Charter Sch., Inc. v. Palasota*, 362 S.W.3d 202, 209 (Tex. App.—Dallas 2012, no pet.) (noting "[f]raud is an 'intentional tort' for which the TTCA provides no waiver of immunity"). Accordingly, Cedar Hill is immune from Plaintiff's fraud claim under the TTCA.

#### b. *Negligence*

27

Here, Plaintiff's negligence claim appears to be based on Cedar Hill's alleged refusal to provide him a copy of his arrest warrant. (*See* doc. 22 at 2-3.)  The TTCA waives governmental immunity in three general areas: "use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property." *Brown v. Montgomery Cty. Hosp. Dist.*, 905 S.W.2d 481, 484 (Tex. App.—Beaumont 1995, no writ); *see also* Tex. Civ. Prac. & Rem. Code § 101.021. An arrest warrant is not personal property that can support a waiver of sovereign immunity under § 101.021. *Jefferson Cty. v. Sterk*, 830 S.W.2d 260, 262-63 (Tex. App.—Beaumont 1992, writ denied) (determining that an arrest warrant was not personal property to support an action under the TTCA.  Cedar Hill's immunity has therefore not been waived, and Plaintiff's negligence claim is subject to dismissal on this basis. *See Jefferson Cty.*, 830 S.W.2d at 262-63.

## V. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. V. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff did not respond to Griffin's and Bhatt's motions to dismiss. Although he has not amended his complaint since filing this action, he included new allegations and exhibits in response to El Reno's, Broyle's and Cedar Hills' motions to dismiss that have been construed as an amended complaint, and it appears that he has alleged his best case against these three defendants. His state law claims against Cedar Hill are barred by immunity, and it does not appear that he can successfully state a claim against it under §§ 1983 or 1985, and it does not appear that he can show that personal jurisdiction exists over the Oklahoma defendants. Finally, the dismissal of his claims against the remaining defendants will be without prejudice. Further opportunity to amend is unwarranted.[14]

## VI. RECOMMENDATION

The motions to dismiss by Griffin, Cedar Hill, Bhatt, and El Reno and Broyles should be **GRANTED**. The claims against El Reno should be **DISMISSED without prejudice** for lack of personal jurisdiction; the claims against Griffin should be **DISMISSED without prejudice** for lack of subject matter jurisdiction, the claims against Broyles and Bhatt should be **DISMISSED without prejudice** for lack of personal jurisdiction and lack of subject matter jurisdiction; the claims against Cedar Hill should be **DISMISSED with prejudice** for failure to state a claim; and the claims against the remaining defendants should be *sua sponte* **DISMISSED without prejudice** for lack of subject matter jurisdiction.

---

[14]On July 19, 2021, Plaintiff moved for leave to amend his complaint under Rule 15(a) and to add additional defendants under Rule 21. (*See* doc. 36.) His proposed amended complaint names two individual defendants in Fort Worth based on events that occurred there on June 30 and July 6, 2021, and he seeks to add them to the existing counts in his complaint in this case. (*See* doc. 36-1.) The proposed amended complaint contains no additional factual allegations in support of any of his claims against any defendant. (*See id.*)

**SO RECOMMENDED** on this 4th day of August, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE