IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BRUCE DWAIN COPELAND,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:20-CV-3288-L-BH** |
| § | |
| **INTERNAL REVENUE SERVICES;** § | |
| **JOY SMITH; STEPHEN SCHRADER;** § | |
| **CANADIAN COUNTY DISTRICT** § | |
| **COURT; CITY OF EL RENO;** § | |
| **PAUL BROYLES; TEXAS ATTORNEY** § | |
| **GENERAL'S OFFICE; BREANNA**[1] § | |
| **GRIFFIN; DALLAS DISTRICT** § | |
| **COURT; CITY OF CEDAR HILL;** § | |
| **GENESIS WOMEN'S SHELTER;** § | |
| **RACHEL ELKIN; MOSAIC SERVICES;** § | |
| **and JASMINE BHATT,** § | |
| § | |
| Defendants. § | |

# ORDER

Before the court are: the Motion to Dismiss of Defendants City of El Reno and Paul Broyles (Doc. 12), filed February 12, 2021; Defendant City of Cedar Hill's Motion to Dismiss Under Rule 12(b)(6) (Doc. 16), filed February 16, 2021; AAG Breanna Griffin's Motion to Dismiss (Doc. 19), filed March 11, 2021; and Defendant Jasmine Bhatt's Motion to Set Aside Default and Motion to Dismiss (Docs. 32, 33) filed June 18, 2021. On August 2, 2021, and August 4, 2021, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Reports") (Docs. 38, 39) were entered, recommending that the court grant the foregoing motions and dismiss the claims and this action against these Defendants for lack of standing, lack of personal jurisdiction, or failure to state a claim upon which relief can be granted. The magistrate judge further

---

[1] Plaintiff mistakenly refers to Breanna Griffin as Brenda Griffin.

**Order – Page 1**

recommended that Plaintiff's claims against the remaining Defendants be *sua sponte* dismissed for lack of subject matter jurisdiction based on lack of standing. In addition, the magistrate judge determined that further amendment by Plaintiff of his pleadings is unwarranted for a number of reasons. Plaintiff, who is proceeding *pro se*, did not respond to Ms. Griffin's and Ms. Bhatt's motions to dismiss, and, as of the date of this order, no objections to the Reports were filed by Plaintiff, and the deadline for filing objections has expired.

> The August 4, 2021 Report summarizes Plaintiff's claims as follows:
>
> Plaintiff asserts claims against IRS, South, Schrader, El Reno, Broyles, CCDC, OAG, Griffin, DCDC, and Cedar Hill for violation of his civil rights under 42 U.S.C. § 1983; against all Defendants for conspiracy to violate his civil rights, fraud, and negligence; against Griffin, South, Schrader, and Broyles for abuse of office; against IRS, South, and Schrader for violation of his rights under Bivens; against IRS, South, and Schrader for unauthorized collections "under IRC § 7433(a)"; against IRS for failure to release lien; and against IRS and OAG for injunctive relief. (*Id.* at 4-6.) He alleges no material facts in support of these claims. He requests monetary damages and a judgment against IRS "to remove all liens and collections." (*Id.* at 6.)

Report 2 (Doc. 39).

Having considered the pleadings, motions, file, record in this case, and Reports, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court; and **grants** the motions (Docs. 12, 16, 19, 32, 33) addressed in the Reports to the extent and for the reasons recommended by the magistrate judge. Accordingly, the default entered against Jasmine Bhatt is **set aside**; Plaintiff's claims against Jasmine Bhatt are **dismissed without prejudice** for lack of personal jurisdiction;[2] Plaintiff's claims against Breanna Griffin, Paul Broyles, and the City of El Reno are **dismissed without prejudice** for lack of standing; Plaintiff's federal and state claims against the City of Cedar Hill are **dismissed with prejudice** for failure to state a claim upon which relief can be granted; and Plaintiff's claims against the

---

[2] The claims against Jasmine Bhatt are also *sua sponte* **dismissed without prejudice** for lack of standing.

**Order – Page 2**

remaining Defendants are *sua sponte* **dismissed without prejudice** for lack of subject matter jurisdiction based on lack of standing. The court also agrees that Plaintiff has alleged his "best case" and that further amendment to cure the deficiencies in his currently pleaded claims is either not warranted as a result of his not responding to certain motions or because it would be futile and unnecessarily delay the resolution of this litigation.[3]

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Reports (Docs. 38, 39). *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on these Reports, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 19th day of August, 2021.

*[signature]*
Sam A. Lindsay
United States District Judge

---

[3] After entering the two Reports, the magistrate judge entered an order on August 13, 2021, denying a motion for leave by Plaintiff to amend his pleadings under Rule 15 and add new defendants under Rule 21 because the proposed amendment was based on completely unrelated events than those underlying his current claims against the existing Defendants in this action. *See* Docs. 36, 40. The magistrate judge, therefore, directed the clerk of the court to open a new civil action to address Plaintiff's claims against the new defendants identified in his motion.

**Order – Page 3**